B. A. MURCHISON, Appellee, v. FARMERS MUTUAL HAIL
INSURANCE COMPANY, Appellant.

INSURANCE: Policy—Refusal to Accept and Failure to Cancel—Ef-
fect. A policy of hail insurance (issued by a mutual association)
once in force remains in force, even though the insured refuses to
accept it and the association fails to cancel the policy in the man-
ner provided by statute.

Headnote 1:   32 C. J. pp. 1125, 1247.

*Appeal from Keokuk District Court.*—H. F. WAGNER, Judge.

OCTOBER 18, 1927.

Action at law upon a hail insurance, policy. The defense
was that the policy sued on had never gone into effect, because
plaintiff had refused to accept the same; and that, if the same
should be deemed to have gone into effect, the plaintiff had him-
self canceled the same. There was a trial to the court without
a jury, and judgment was rendered for the plaintiff. The de-
fendant appeals.—*Affirmed.*

*Clark, Byers & Brunk,* for appellant.

*Wallace & Claypool,* for appellee.

EVANS, C. J.—The defendant is a mutual association. On
April 13th the plaintiff signed an application presented to him
by the soliciting agent of the defendant. This application pur-
ported to contain the whole insurance contract, and purported
to become immediately effective as binding insurance, by the
signature of the soliciting agent, Craig. It purported to make
the plaintiff a member of the association and to bind him to all
its articles and by-laws. This application was sent to the home
office, and was there formally approved. A purported policy
was issued, pursuant thereto. This policy was, in substance, a
mere duplicate of the application. It was sent to the plaintiff
by mail, and was by the plaintiff returned, with a curt letter de-
manding its cancellation forthwith. This demand was not com-

plied with by defendant. The defendant was conciliatory, and requested the plaintiff to reconsider his attitude. The plaintiff, however, persisted in his demand for cancellation. The defendant refused to cancel, except upon payment of $10.50, being the alleged pro-rata amount due from plaintiff for losses and expenses during his brief membership. The statutory method of cancellation of a policy is set forth in Sections 9054 and 9055, Code of 1924, as follows:

"Section 9054. Any policy of insurance issued by any association operating under the provisions of this chapter may be canceled by the association, giving five days' written notice thereof to the insured."

"Section 9055. If the insured shall demand in writing or in person of the association the cancellation of policy, the association shall immediately advise him by letter to last known address, the amount, if any, due, as his pro-rata share of losses and in addition actual expenses incurred on said policy. Upon surrender of his policy and payment of all sums due, his membership shall cease, provided that during the months of June, July, and August, hail insurance policies may be canceled only at the option of the officers of the association carrying the risk."

On July 29th, the defendant wrote to the plaintiff the following letter, to which the plaintiff made no reply:

> "Des Moines, Iowa
> "July 29, 1925

"B. A. Murchison
"North English, Iowa
"Dear Sir:

"I have before me your policy No. 204008 sent in by our Mr. Craig stating that you refuse to accept it.

"Now this policy was written in perfectly good faith. We have your name signed to a written contract and we can hold you to this contract. However, if you will send us $10.50 in the next five days, we will accept that amount and cancel your policy at once.

> "Mutually,
> "W. A. Rutledge
> "Sec'y".

The plaintiff did not comply with the demand of this letter,

and no further negotiations were had upon the subject. It will be seen that, under the provisions of Section 9054, the association could have made a peremptory cancellation of the policy upon five days' notice. It never did so. The plaintiff could cancel the same only pursuant to provisions of Section 9055. He did not do so. During the months of June, July, and August, he could not have done so except by the express consent of the association.

The trial court held that the application, when approved by the association, constituted a binding contract of insurance, and determined the relations of the parties for the time being, and that a cancellation thereof was never accomplished by either party. On August 15th, the plaintiff suffered serious loss and damage, as a result of a hailstorm. He thereafter promptly acquiesced in the attitude of the defendant, and the defendant as promptly changed its former attitude. At the time of his loss, the plaintiff was a member of this association, though a recalcitrant one. Being such member, and bound by the obligations thus assumed, he was entitled to its benefits, in spite of his ungracious attitude. The defendant, having chosen to withhold its consent to the withdrawal of the plaintiff until he had paid its demand, necessarily carried the risk incident to such continued membership.

The trial court rendered judgment for the plaintiff for the amount of his loss, and such judgment is—*Affirmed.*

STEVENS, DE GRAFF, ALBERT, and MORLING, JJ., concur.